822 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Terry Lee FRYBERGER, Defendant-Appellant.
 No. 86-3731
 United States Court of Appeals, Sixth Circuit.
 July 9, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Terry Lee Fryberger brings this appeal arising from his pre-trial detention and subsequent conviction for armed bank robbery. For the reasons set forth below, we AFFIRM his conviction.
 
 
 2
 On February 9, 1986, the FBI received a phone call from a citizen concerning the activities of appellant. On February 10, 1986, Agent William E. White of the FBI contacted the informant and interviewed him over the telephone. The informant related the following:
 
 
 3
 1. Terry Lee Fryberger's current address, 947 Chalker Street, Akron, Ohio.
 
 
 4
 2. Mr. Fryberger resided at the above address with his girlfriend, Pamela Barone, and her child.
 
 
 5
 3. Mr. Fryberger had previously resided in a basement room at 829 Kenney St., in Akron, Ohio with his aunt.
 
 
 6
 4. Mr. Fryberger had been seen at the Kenney Street residence as late as January, 1986.
 
 
 7
 5. Mr. Fryberger was without funds until approximately December 20, 1986. At that time Mr. Fryberger came into a substantial sum of money that appellant claimed was from the sale of a valuable gun collection.
 
 
 8
 6. The caller observed Fryberger spending large sums of money on Christmas presents.
 
 
 9
 7. The caller observed several weapons in the possession of the appellant at the Kenney Street address.
 
 
 10
 8. Fryberger had decided to purchase the residence at 947 Chalker Street and had made a large cash deposit with the previous owner of this residence.
 
 
 11
 9. On February 7, 1986, the date of the second robbery, the caller observed Fryberger at the Chalker Street residence approximately three hours after this robbery in the possession of about $9,000. Some of this money was observed to be bound in paper money strips.
 
 
 12
 10. Fryberger stated that this money had come from a savings account he had closed that day at the Trans Ohio Savings Bank.
 
 
 13
 11. The caller stated he had observed Fryberger wearing a pair of engineer boots which the caller described in detail.
 
 
 14
 12. The caller had known Terry Lee Fryberger for five or six years.
 
 
 15
 13. During this period he had never known Fryberger to have steady employment.
 
 
 16
 14. The informant stated that his reason for coming forward was to do his duty as a citizen and that he desired no monetary reward.
 
 
 17
 After receiving this information, Agent White was able to independently verify several of the statements and do a background check on the caller. Agent White verified the following:
 
 
 18
 1. From an inspection of the Akron Police Department records, Terry Lee Fryberger fit the general description of the bank surveillance pictures taken during the bank robberies.
 
 
 19
 2. The Kenney Street residence of Mr. Fryberger was the location where an eyewitness, Mr. Neer, who had followed the robber after he held up the bank, lost sight of the perpetrator.
 
 
 20
 3. The former owners of the Chalker Street residence, a Mr. & Mrs. Bee, had negotiated the purchase of the residence with Mr. Fryberger on 12/31/85.
 
 
 21
 4. Mr. Fryberger stated to the Bee's that he had lots of money and had just purchased a liquor store and invested his money.
 
 
 22
 5. The description of the boots the caller gave matched the description given by one of the witnesses to the robbery.
 
 
 23
 6. Agent White checked the caller's background and discovered that the caller had no felony record, three traffic citations, was not previously an informant for the FBI, and was considered an upstanding member of the community.
 
 
 24
 Having been presented with the above facts is an FBI affidavit, Magistrate Charles Laurie determined that there was probable cause to issue three search warrants[1] and an arrest warrant for appellant. Appellant was arrested on February 11, 1986, and charged with two counts of armed robbery in violation of 18 U.S.C. Sec. 2113(a)(d). On February 11, 1986, he appeared before Magistrate Laurie, who set bond at $50,000 cash.
 
 
 25
 An indictment was returned by the Grand Jury on March 12, 1986. Appellant was arraigned on March 21, 1986 before Magistrate Jack Streepy. At the arraginment, appellant's counsel made a motion to change the bond to a $100,000 property bond. The government moved for a pre-trial detention hearing pursuant to 18 U.S.C.A. Sec. 3142(a). A detention hearing was held on March 26, 1986. On March 28, 1986, Magistrate Streepy overruled appellant's objection that the hearing was untimely and granted the government's motion for pre-trial detention. On April 4, 1986, appellant filed a motion to review and set aside the Magistrate's detention order pursuant to 18 U.S.C.A. Sec. 3145(b). This motion was denied by Judge Frank Battisti on April 21, 1986.
 
 
 26
 On May 5, 1986, appellant filed a notice of appeal and moved the district court to continue his case until the pretrial detention issue could be decided by the United States Court of Appeals for the Sixth Circuit. This motion was denied. On May 13, 1986, appellant filed a motion to suppress all items of evidence seized by the FBI pursuant to the search warrants issued on February 11, 1986. A hearing was held on this motion on May 20, 1986, before Judge Frank Battisti. After hearing oral testimony, Judge Battisti denied the motion.
 
 
 27
 Trial commenced on May 20, 1986, and appellant was convicted of armed robbery on May 23, 1986. On July 20, 1986, the United States Court of Appeals for the Sixth Circuit dismissed as moot appellant's appeal on the detention issue. U.S. v. Fryberger, No. 86-3428 (6th Cir. July 2, 1986) (per curiam).
 
 
 28
 Appellant initially argues that pursuant to 18 U.S.C.A. Sec. 3142[2], a hearing to determine whether pre-trial detention is permissible can be held only at a defendant's first appearance before a judicial officer unless a continuance is sought and granted. He argues that since the detention hearing was held on March 28, 1986, approximately 6 weeks after he first appeared before the Magistrate, the statute was violated.
 
 
 29
 The government argues that the issue of pretrial detention is moot. We agree. The issue is moot because appellant has been tried and convicted of two counts of bank robbery. He has received credit on his sentence for the time he was in custody pending trial. Thus, this issue is moot because following his conviction, appellant's status was no longer that of a pre-trial detainee. He was a convicted felon whose sentence was credited to reflect his detention prior to trial. See U.S. v. Fryberger, No. 86-3428 (6th Cir. July 2, 1986) (per curiam); U.S. v. Lyle, Nos. 85-3087/85-3254 (N.D. Ohio January 22, 1985) (per curiam).
 
 
 30
 Appellant next argues that the Magistrate did not have probable cause to issue the search warrants. He contends that his 4th amendment right against unreasonable searches was abridged, and that the items recovered should have been excluded from evidence. Appellant specifically argues that (1) the affidavit giving rise to the warrants did not set forth a proper basis of the informant's knowledge sufficient to induce a belief in the informant's assertions and (2) the veracity of the informant was not scrutinized nor was his reliability verified.
 
 
 31
 The district court found that under the totality of the circumstances test as set out in Illinois v. Gates, 462 U.S. 213 (1982), the warrants were supported by probable cause. In Gates, the court stated:
 
 
 32
 The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed.
 
 
 33
 Id. at 238 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).
 
 
 34
 We agree with the district court, and find that the Magistrate had a substantial basis for finding that probable cause existed. The caller's information was corroborated by eyewitnesses information about the place where the robber disappeared and the boots worn by the robber. Also, agent White determined that the caller was a reputable citizen who desired no renumeration. All this information was plainly set forth in the affidavit. Thus, we hold that probable cause existed to support the issuance of the warrant and the evidence was properly admitted at trial.
 
 
 35
 Accordingly, for the reasons set forth above, we AFFIRM appellant's conviction.
 
 
 
 [1]
 The search warrants were duly executed by FBI agents Robert McGuiness and Denise Archey. The agents discovered discriminating evidence
 
 
 [2]
 18 U.S.C.A. Sec. 3142f states:
 (f) Detention hearing--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community--
 * * *
 (2) Upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves--
 (A) a serious risk that such person will flee; or
 (B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.
 The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance.